IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-206-BO

| | | |
|---|---|---|
| ANGELA LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 16] and defendant's motion for judgment on the pleadings [DE 18]. A hearing was held on the motions before the undersigned on January 14, 2021 via videoconference. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her supplemental security income. Plaintiff protectively filed her application for benefits on January 19, 2016, alleging a disability onset date of January 1, 2014. The onset date was later amended to January 1, 2016. After initial denials, an Administrative Law Judge (ALJ) held a hearing on March 4, 2018, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date of January 19, 2016. The ALJ found that plaintiff's degenerative disc disease of the cervical, lumbar, and thoracic spine; degenerative joint disease of the left knee, status post-partial meniscectomy; carpal tunnel syndrome, status post-right carpal tunnel release surgery; osteoarthritis of multiple joints; history of asthma; borderline intellectual functioning; depression; and posttraumatic stress disorder were severe impairments at step two, but that either alone or in combination her impairments did not meet or equal a Listing. The ALJ determined that plaintiff had the residual functional capacity to perform sedentary work with limitations and at step four found that plaintiff had no past relevant work but that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform.

Plaintiff contends that the ALJ erred at step three in determining that plaintiff did not meet the Listing for intellectual disorder. Specifically, listing 12.05(b) requires a claimant to

3

demonstrate significant deficits in adaptive functioning resulting in one extreme or two marked limitations in the domains of understanding, remembering, or applying information; interacting with others; completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace; and adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x § 12.05B2. The ALJ noted that in his opinion that her FSIQ met the Listing criteria but stated that the record did not support a finding of one extreme or two marked limitations in the appropriate domains.

The ALJ's conclusion contradicts the decision of the North Carolina Department of Health and Human Services (Medicaid decision) determining that plaintiff was disabled based on her impairments being equivalent to Listing 12.05 based on her borderline intellectual functioning. The Fourth Circuit requires the Commissioner to give "substantial weight" to another agency's disability rating unless the record "clearly demonstrates that such a deviation is appropriate. *Bird v. Comm'r of soc. Sec.*, 699 F.3d 337, 343–44 (4th Cir. 2012). An ALJ must give "persuasive, specific, valid reasons . . . that are supported by the record" for affording the decision less than substantial weight. *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018) (citations omitted).

In this case, the ALJ gave the Medicaid decision little weight, but failed to identify persuasive, specific, and valid reasons for giving it less than substantial weight. The ALJ claims that the decision did not discuss any of the 12.05(b) criteria, but this ignores the fact that the decision implicated the relevant criteria. Edward S. Feltman, the State Hearing Officer, noted that plaintiff's "immediate and delayed recall appeared mildly deficient. She had moderated deficits in concentration. [Plaintiff's] intellectual ability appeared to fall in the below average range . . . . [Plaintiff] may at times struggle with performing routine repetitive task, requiring repetition or additional prompting . . . would likely struggle with relating to coworkers and supervisors . . .

4

[D]efficient cognitive functioning may at times impact her ability to tolerate the stressors related to day to day work activity." Tr. 318. This evidence relates to plaintiff's ability to understand, remember, and apply information; establish concentration, persistence, and pace; interact with others; and adapt or manage herself.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The record plainly demonstrates that plaintiff met Listing 12.05 because she had difficulties interacting with others and understanding, remembering, and applying information. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED. Defendant's motion to remand [DE 18] is DENIED. The decision of the ALJ is

5

REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this \_\_21\_\_ day of January, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:19-cv-00206-BO   Document 23   Filed 01/22/21   Page 6 of 6